IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LAURIE A. WHITTAKER | ) | |
| | ) | |
| v. | ) | No. 2:17-0036 |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION[1] | ) | |

To:   The Honorable Waverly D. Crenshaw, Chief District Judge

# REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 15. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled," and therefore not entitled to a period of disability, Disability Insurance Benefits ("DIB"), or Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") at 17-19).[2] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. *See* DE 6.

---

[1] Nancy A. Berryhill was the Acting Commissioner of Social Security beginning January 23, 2017. However, her acting status ended as a matter of law pursuant to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq*. Pursuant to Fed. R. Civ. P. 17(d), a public officer who is sued in an official capacity may be designated by official title rather than by name. Since Ms. Berryhill is no longer the Acting Commissioner, the Clerk is DIRECTED to identify Defendant by the official title rather than by name.

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner of each page.

Upon review of the administrative record and consideration of the parties' filings, I recommend that Plaintiff's motion (DE 15) be **GRANTED**, the decision of the Commissioner be **REVERSED**, and this matter be **REMANDED** for further administrative proceedings consistent with this Report**.**

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff protectively filed an application for DIB and SSI on August 8, 2013 due to bipolar disorder, fibromyalgia, osteoporosis, peripheral artery disease, and arthritis, with an alleged disability onset date of January 15, 2010. (Tr. 121-22, 163).[3] Her application was denied initially and upon reconsideration. (Tr. 121-22, 159-60). Pursuant to her request for a hearing before an ALJ, Plaintiff appeared with counsel and testified at a hearing before ALJ George L. Evans, III on December 16, 2015. (Tr. 42). On March 2, 2016, the ALJ denied the claim. (Tr. 17-19). On April 5, 2017, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-3). Therefore, the ALJ's decision stands as the final determination of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

2. The claimant has not engaged in substantial gainful activity since June 16, 2014, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: back pain; arthritis; fibromyalgia; peripheral arterial disease of the lower extremities; obesity; vestibular hypofunction; depressive disorder; and adjustment disorder with anxiety (20 CFR 404.1520(c) and 416.920(c)).

---

[3] Plaintiff subsequently amended the alleged onset date to June 16, 2014 after it was revealed that she had significant reported earnings through 2014. (Tr. 22).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can stand for a total of four hours in an eight-hour workday; can walk for a total of two hours in an eight-hour workday; can sit for four hours in an eight-hour workday; requires the ability to change position every 30 minutes; can never climb or crawl; can occasionally bend, stoop, or crouch; can occasionally operate foot controls; should avoid all exposure to heights, hazards, and operating a motor vehicle; can work in jobs with a specific vocational and preparation (SVP) rating of 3 or less; and should avoid work involving public interaction and work that depends upon close interaction with supervisors and coworkers.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 16, 1964 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 16, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 22-34).

On appeal, Plaintiff submits two assertions of error: (1) that the residual functional capacity ("RFC") determination is not supported by substantial evidence; and (2) that the ALJ's step five determination was not supported by substantial evidence. DE 15-1 at 3. Plaintiff therefore requests that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 18.

## II. ANALYSIS

### A. Standard of Review

On appeal, the Court is charged with determining whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step

and the claim is not reviewed further. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. §§ 404.1520(a), 416.920(a). "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)(1)). If the claimant is incapable of performing past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The Commissioner's Decision

The ALJ resolved the current Plaintiff's claim at step five of the five-step process. Although Plaintiff was found to have met the first two steps, the ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and was therefore not presumptively disabled. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform light work with express limitations to account for her severe impairments, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform despite such limitations. (Tr. 22-34).

### C. Assertions of Error

#### 1. The RFC.

Plaintiff's first assertion of error includes three separate errors allegedly committed by the ALJ in formulating the RFC: (a) the ALJ failed to properly weigh the opinion of Dr. Brian McKinnon; (b) the ALJ failed to provide good reasons for discounting the opinion of Dr.

Michael Cox; and (c) the ALJ violated Social Security Ruling ("SSR") 12-2p by failing to properly consider the severity of her fibromyalgia. DE 15-1 at 3. The Court will address each of these claims in turn.

On September 4, 2015, Dr. McKinnon, who was seen on a single occasion upon referral from Dr. Thuy Ngo, issued a "Statement of Claim for Disability Benefits" asserting that Plaintiff "cannot work or drive due to dizziness." (Tr. 762-63). However, the ALJ failed to reference this report anywhere in his opinion, which, according to Defendant, was harmless error. Conversely, Plaintiff claims that the ALJ violated 20 C.F.R. § 404.1527[4] by failing to consider this opinion in light of Dr. McKinnon's status as a "treating physician and specialist in neurology." DE 15-1 at 9.

The regulation cited by Plaintiff contains what is commonly known as the "treating physician rule," which requires an ALJ to give controlling weight to an opinion provided by a treating physician if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).[5] Even if the ALJ does not accord controlling weight to a treating physician's opinion, the ALJ must still consider the amount of weight to give the opinion. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 751 (6th Cir. 2011) (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010)). The reasons provided by the ALJ for such weight allocation "must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the

---

[4] 20 C.F.R. § 416.927, which applies to claims for SSI, is analogous to 20 C.F.R. § 404.1527, which applies to claims for DIB. For ease of reference, the Court refers solely to 20 C.F.R. § 404.1527.

[5] The treating physician rule applies to all Social Security claims filed before March 27, 2017, such as the instant one. *See* 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017).

adjudicator gave to the treating source's medical opinion." *Reagan v. Colvin*, 47 F. Supp. 3d 648, 654 (E.D. Tenn. 2014) (quoting *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013)).

Despite the ALJ's failure to explicitly address Dr. McKinnon's opinion, the undersigned finds that such an omission does not warrant remand in the instant matter. The Court first highlights the Sixth Circuit's clarification that the treating physician rule is based on the assumption that a provider who has treated a claimant over a long period of time "will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once[.]" *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). In contrast, Dr. McKinnon saw Plaintiff, upon referral, on just one occasion in August of 2015. (*See* Tr. 762, 819-22). His opinion is therefore not subject to the treating physician rule. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006) ("[A] single visit does not constitute an ongoing treatment relationship.").

Moreover, while the ALJ is certainly required to consider all medical opinions included in the administrative record, *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 528 (6th Cir. 2014), there is no requirement that the ALJ explicitly discuss each piece of evidence. *See Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) ("[A]n ALJ's failure to cite specific evidence does not indicate that it was not considered.") (internal citation omitted). This is especially true for an opinion that lists only "cannot work or drive due to dizziness" as "functional limitations" (Tr. 763), the former of which has little value in a Social Security claim. *See Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 475 (6th Cir. 2008) ("[T]he ultimate determination of disability is a matter reserved to the Commissioner."). Plaintiff's argument is further undermined by the ALJ's inclusion of a prohibition on "operating a motor vehicle" in the

RFC (Tr. 25), thus accounting for the only functional limitation included in Dr. McKinnon's opinion.

Plaintiff offers a more tenable position with respect to the opinion of Dr. Michael Cox, who completed a "Physical Assessment" form which opined that Plaintiff would be unable to sit for more than four hours per eight-hour workday, stand and walk for more than two hours per eight-hour workday, lift and carry more than 10 pounds on a "frequent" basis,[6] or use her hands, arms, or fingers for more than 50% of an eight-hour workday. (Tr. 869). The ALJ accorded "little weight" to this opinion, stating that Dr. Cox's opinion "is not supported by the treatment record and is not consistent with other opinions of record or with the record as a whole." (Tr. 30). Plaintiff argues that this explanation fails to satisfy the "good reasons" requirement of 20 C.F.R. § 404.1527(c)(2).

The Court notes initially that Dr. Cox's "Physical Assessment" form lacks any significant support for the restrictions contained therein. The opinion primarily consists of checked boxes unaccompanied by explanation or citation to any objective findings, both of which weigh against his ultimate conclusions. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Additionally, Dr. Cox's suggestion that Plaintiff's current medications "can cause [a] lack of concentration [due to] dizziness" appears to be contradicted by the myriad of encounters with treating providers during which Plaintiff reported that she experienced no side effects from her medication. (*See* Tr. 683, 687, 692, 710, 715, 719, 723, 735, 740, 744).

---

[6] "Frequently" is defined as between "1/3 – 2/3 of the 8-hour workday." (Tr. 869).

Nevertheless, the undersigned agrees that the assigned RFC is not supported by substantial evidence. As noted by Plaintiff, the only other opinion from an examining physician that involves physical limitations comes from the report completed by Dr. Terrence Leveck following his consultative examination in November of 2013. (*See* Tr. 383). This report concluded that, during an eight-hour workday, Plaintiff could sit for eight hours, stand for six hours with frequent rest, walk for 10 minutes at a time, and "occasionally" lift and carry five pounds. (Tr. 386). The ALJ granted this opinion "partial" weight but only explicitly rejected the five-pound lift and carry restriction, which he concluded was "too restrictive and not supported by the essentially normal examination or the longitudinal medical record." (Tr. 30). The ALJ failed, however, to consider Dr. Leveck's additional restrictions limiting Plaintiff to just 10 minutes of walking at a time and standing for six hours *with frequent rest*. Such an omission does not necessarily constitute reversible error, as an ALJ is not required to adopt a medical opinion "verbatim" even if that opinion has been accorded great weight. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). Yet the ALJ must explain the weight given to the opinion of an examining physician in a way that permits meaningful review of his reasoning. *See Wilburn v. Astrue*, No. 3:10-0008, 2010 WL 6052397, at *6 (E.D. Tenn. Sept. 13, 2010), *report and recommendation adopted*, 2011 WL 891022 (E.D. Tenn. Mar. 11, 2011) ("Though the opinions of examining physicians are not entitled to as great a weight as those of treating physicians, the ALJ must, nonetheless, explain the weight given to opinions of examining sources."). Here, the ALJ simply ignored Dr. Leveck's additional limitations involving frequent rest and limited walking without any explanation, an oversight that is not immaterial. *See Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 258 (6th Cir. 2015) (holding that the ALJ's failure to

explain the weight given to treating and examining physicians prevented "meaningful[] review the ALJ's actual reasoning," thus requiring remand).

The ALJ's failure in this regard is compounded by his inconsistent consideration of Plaintiff's initial applications for DIB and SSI, which were filed on July 12, 2007 and ultimately denied by a separate ALJ on January 14, 2010. (*See* Tr. 72-75). Pursuant to relevant Sixth Circuit precedent, a prior administrative determination regarding a claimant's past work is binding in any subsequent administrative proceeding, *Dennard v. Sec'y of Health & Human Servs.,* 907 F.2d 598 (6th Cir. 1990), and an ALJ in such a subsequent proceeding is similarly bound by the first ALJ's RFC findings unless there is evidence of an improvement in the claimant's condition. *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997).[7] Therefore, the subsequent ALJ "is bound by the legal and factual findings of a prior ALJ unless the claimant presents new and material evidence that there has been either a change in the law or a change in the claimant's condition." *Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 425 (6th Cir. 2015).

In the instant case, the ALJ found such new and material evidence and thus determined that "some departure from the findings of the prior [ALJ's] decision is warranted." (Tr. 27). The first ALJ found that Plaintiff was able to perform light work in jobs that did not require working closely with other individuals. (Tr. 78). The current ALJ similarly found that Plaintiff was able to perform light work,[8] but determined that Plaintiff was subject to several additional physical

---

[7] Following *Dennard* and *Drummond*, the Commissioner adopted Acquiescence Rulings 98-3(6) and 98-4(6), which built on these opinions by mandating that an ALJ in a subsequent disability claim cannot make a different finding as to a claimant's past relevant work or RFC "unless new and additional evidence or changed circumstances provide a basis for a different finding[.]" 1998 WL 283901, at *2 (June 1, 1998); 1998 WL 283902, at *3 (June 1, 1998).

[8] The regulations define this exertional level in the following way: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or

restrictions that pertained to standing, walking, sitting, climbing, crawling, bending, stooping, and crouching. (Tr. 25). He also limited Plaintiff to "occasional" operation of foot controls and jobs that allow Plaintiff to change position every 30 minutes. (Tr. 25-26). While the ALJ was certainly permitted to formulate this more restrictive RFC as part of his analysis, his findings appear to conflict with his decision to accord "significant weight" to the opinions of two State agency physicians, Drs. Michael Ryan and Thomas Thrush, both of whom concluded that the RFC from the first ALJ's opinion should be adopted. (*See* Tr. 98, 101-02, 133-34, 151-53).

More vexing still, the ALJ failed to provide any meaningful explanation for elevating the opinions of these non-examining State agency physicians over those offered by treating and examining physicians, which is relevant since the opinion of an examining source "is generally given greater weight than the opinion of a non-examining source." *Keeton*, 583 F. App'x at 528. He instead granted the State agency opinions significant weight based on their "consistent[cy] ... with the medical record as a whole and with the provisions of *Drummond* []; *Dennard* []; and Social Security Acquiescence Rulings 98-3(6) and 98-4(6)" (Tr. 31), a statement that not only conflicts with his decision not to adopt the prior ALJ's RFC, but also suggests that his analysis of these non-examining physicians' opinions was much less meticulous than his evaluation of the opinions provided by treating and examining physicians. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013) ("A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires.").

---

leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Furthermore, the ALJ accorded greater weight to these non-examining opinions without acknowledging the voluminous amount of treatment that Plaintiff continued to receive for approximately two years after these opinions were issued. This included records documenting treatment with Dr. Emilie Riddle (Tr. 421-35, 465-67), Dr. Lewis Wilson (Tr. 589-92), the University of Tennessee Medical Center (Tr. 593-600), Dr. Thuy Ngo (Tr. 679-81), Tennessee Spine and Joint (Tr. 682-751), Emory Healthcare (Tr. 836-44), and Dr. Joel Hart (Tr. 845-64), as well as with Dr. McKinnon and Dr. Cox, none of which were available to the State agency physicians. The ALJ scarcely discussed any of this evidence in his opinion (*see* Tr. 27-28), which undermines his decision to reject Dr. Cox's findings based on their alleged incompatibility with the "treatment record." (Tr. 30). *See also Blakley*, 581 F.3d at 409 ("[B]ecause much of the over 300 pages of medical evidence reflects ongoing treatment and notes by [the claimant's] treating sources, we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not based on a review of a complete case record)." The ALJ's rejection of Dr. Cox's opinions thus fails to satisfy the "good reasons" requirement.

The Court pauses to note that Plaintiff's additional claim, that the ALJ violated SSR 12-2p (DE 15-1 at 14-15), is without merit. Plaintiff faults the ALJ for "focus[ing] on the lack of objective medical evidence in the record" (*id.* at 14), but fails to explain how such analysis infringes on any aspect of SSR 12-2p. Indeed, Plaintiff fails to cite any portion of SSR 12-2p, which is particularly damaging to her argument given that the ruling mandates that the ALJ consider objective evidence in evaluating fibromyalgia:

> As with any claim for disability benefits, before we find that a person with ... [fibromyalgia] is disabled, we must ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity.

2012 WL 3104869, at *2 (July 25, 2012). Plaintiff additionally argues that the ALJ "should have consulted a medical expert" to determine whether her condition met Listing 14.09D (DE 15-1 at 16),[9] yet does little more than provide a general citation to 20 C.F.R. § 404.1526 without identifying any authority requiring the ALJ to take such action. This flimsy contention is therefore rejected. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that ... arguments adverted to in only a perfunctory manner[] are waived.").

Notwithstanding this deficiency, the Court concludes that reversal of the Commissioner's decision is necessary. In considering the amount of weight to afford a treating physician's opinion, the ALJ must provide an explanation that is "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and reasons for that weight." *Johnson-Hunt v. Comm'r of Soc. Sec.*, 500 F. App'x 411, 418 (6th Cir. 2012) (quoting *Helm v. Comm'r of Soc. Sec. Admin.,* 405 F. App'x 997, 1000 (6th Cir. 2011)). The ALJ's dismissal of Dr. Cox's opinion based on a broad reference to the "treatment record" and "other opinions of record" fails to fulfill this duty, as discussed *supra*. Moreover, the ALJ was required to "articulate how the evidence in the record supports the RFC determination ... and explain the resolution of any inconsistencies in the record." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (internal citation omitted). The ALJ failed in this regard by failing to provide any meaningful support for the physical limitations incorporated into the RFC, which is crucial in light of his significant departure from the prior ALJ's findings

---

[9] Listing 14.09 is one of the impairments included in 20 C.F.R. § 404, Subpart P, Appendix 1 and contains specific criteria that, if met by the claimant, would direct the Commissioner to find the claimant "disabled without considering [her] age, education, and work experience." *Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1110 (6th Cir. 1986) (quoting 20 C.F.R. § 404.1520(d)). If the claimant has a listed impairment but does not meet the criteria, the ALJ can still find that the impairment is "medically equivalent" to the listing in question if the claimant has "other findings related to [the] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b)..

despite granting "significant weight" to multiple medical opinions that adopted such prior findings. *See Brogan v. Comm'r of Soc. Sec.*, No. 3:14-cv-714, 2015 WL 350387, at *14 (N.D. Ohio Jan. 23, 2015) (finding remand necessary because the ALJ's opinion "makes it unclear to what extent [the] ALJ [] considered the prior ALJ's decision in formulating Plaintiff's RFC"). The Sixth Circuit has held that an ALJ's failure to follow proper legal standards denotes a lack of substantial evidence "even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal citation omitted). The Court therefore finds that the RFC is not supported by substantial evidence, and thus recommends reversal and remand for additional proceedings. *See Morgan v. Astrue*, No. 10-207-KSF, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) ("Where … there is insufficient support for the ALJ's findings, the appropriate remedy is reversal and a sentence-four remand for further consideration.").

### 2. The ALJ's Step Five Finding.

Plaintiff next argues that the ALJ's step five determination was not supported by substantial evidence (DE 15-1 at 16), yet primarily argues that the ALJ erred by failing to include limitations in the RFC pertaining to short-term memory loss. *Id*. at 17. Because the Court has already determined that remand is necessary in light of the errors described above, this assertion of error is rendered moot.

### III. CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 15) be GRANTED and the Commissioner's decision be REVERSED and REMANDED for a new hearing and determination consistent with this opinion.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge